FILED
NOV 2 2 2004
LEONARD GREEN, Clerk
04 NOV 23 PM 4:52

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Case No. 03-4123

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.
This notice is to be prominently displayed if this decision is reproduced.

DENISE THURMOND,

Plaintiff-Appellee,

v.

OFFICERS SANDRA K. SEARS; AMY GRUENEMEIER,

Defendants-Appellants,

CITY OF FAIRFIELD,

Defendant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

1:01 cv 366

01-366

A TRUE COPY
Attest:
LEONARD GREEN, Clerk
By [signature] Deputy Clerk

BEFORE: SUHRHEINRICH, BATCHELDER and COLE, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** On November 14, 2000, Denise Thurmond was pulled over for speeding by officers Sandra K. Sears and Amy Gruenemeier of the City of Fairfield Police Department. The officers ran a records check of the license plate on Thurmond's car and found that the tags were registered to a different vehicle. During the course of the stop, the officers told Thurmond that they smelled alcohol on her breath, and they required Thurmond to perform several field sobriety tests. According to the officers, Thurmond failed several of these tests; according to Thurmond, she passed them all. The officers then arrested Thurmond and took her to the police station for a breathalyser test, which yielded a result of 0.0. Thurmond was also required to submit a urine sample for drug screening. In addition to the speeding and license violations, Thurmond was initially charged with "driving while impaired." After her drug screen

results were returned on November 28, 2000, with negative results, the charge of driving while impaired was withdrawn. Thurmond subsequently pleaded "no contest" to the charges of speeding and having illegal tags on her car.

Thurmond brought suit against Officers Sears and Gruenemeier and the City of Fairfield under 42 U.S.C. § 1983, alleging that she was arrested, subjected to an illegal search and seizure, and prosecuted all without probable cause. Thurmond claims that her detention and drug and alcohol testing were unjustified and unreasonable, and that she is the victim of "racial profiling" by the officers because she is African-American. The defendants filed a motion for summary judgment, claiming that the officers had probable cause to stop Thurmond's car, to charge her with speeding, to administer field sobriety tests, and to charge her with driving while impaired. The officers alternatively suggested that they are entitled to qualified immunity because their actions were not objectively unreasonable.

The district court granted the defendants' motion with respect to Thurmond's claim that the city violated her constitutional rights by prosecuting her for driving under the influence "pursuant to an unconstitutional policy of prosecuting individuals whose breathalyser test results are at or near zero.". The court found that Thurmond had not presented any evidence that such a policy existed, and that even if she had, the policy would be facially valid due to the possibility that a driver may still be under the influence of drugs. The district court therefore dismissed Thurmond's claims against the City of Fairfield.

The district court denied the officers' motion for summary judgment as to Thurmond's Fourth and Fourteenth Amendment claims against them, and further denied the officers' claim that they are entitled to qualified immunity. The court found that, viewing the facts in the light most

favorable to Thurmond, her version of the events was sufficient to make out a violation of her constitutional rights. Officers Sears and Gruenemeier now challenge the district court's denial of qualified immunity, contending that, pursuant to *Mitchell v. Forsyth*, 472 U.S. 511 (1985), we have appellate jurisdiction to review the district court's denial of qualified immunity by interlocutory appeal. We conclude that we do not.

In civil damage actions arising out of government officials' performance of discretionary functions, the officials are generally entitled to qualified immunity from suit "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "The first step is to determine whether plaintiff has shown violation of a constitutionally protected right. If the answer is yes, then the second step is to determine whether the right is so 'clearly established' that a 'reasonable official would understand that what he is doing violates that right.'" *Brennan v. Township of Northville*, 78 F.3d 1152, 1154 (6th Cir. 1996) (citations omitted). In *Mitchell v. Forsyth*, the Supreme Court held that a district court's order denying a motion for summary judgment was an immediately appealable collateral order (i.e., a "final decision") where (1) the defendant was a public official asserting a defense of qualified immunity, and (2) the issue appealed did not concern which facts the parties might be able to prove, but rather, whether or not certain given facts showed a violation of clearly established law. *See Mitchell*, 472 U.S. at 528. A district court's denial of a claim of qualified immunity is thus an appealable final decision only "to the extent that it turns on an issue of law." *Id.* at 530.

The Supreme Court clarified in *Johnson v. Jones*, 515 U.S. 304 (1995), that a defendant *may not* appeal a district court's summary judgment order insofar as that order determines whether or not

574, 587 (1986) (stating that on "summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion").

The district court's determination was based on its finding that a number of material facts concerning the stop and arrest remain in dispute, including whether Officers Sears and Gruenemeier actually smelled alcohol on or about Thurmond; whether Thurmond passed or failed the various field sobriety tests administered by the officers; and whether the officers racially demeaned Thurmond and made fun of her employment with a predominantly minority municipality. The defendants "cannot immediately appeal this kind of fact-related district court determination," *Johnson*, 515 U.S. at 307, and we therefore lack appellate jurisdiction to review the issues raised by the officers in this appeal.